## WILSON & GUSTIN v. JEFFERSON COUNTY.

1. BRIDGES: LIABILITIES OF COUNTIES. It is made by the statutes of Iowa the duty of the county in which a bridge is situated to make all repairs requiring an extraordinary expenditure of money; and this duty involves the corresponding liability for damages resulting from a neglect to make the same.

2. SAME: DISTRICT SUPERVISOR OF ROADS. While it is the duty of the District Supervisor to make repairs requiring but little labor or expense; he is not liable for damages resulting from defects, the repairs of which would involve extraordinary expenditures.

*Appeal from Jefferson District Court.*

FRIDAY, APRIL 18.

THE facts are stated in the opinion of the court.

*Negus & Culbertson* for the appellant, as to the duties of county judges concerning roads, cited the Code of 1851,

§§ 514, 518, 569; as to the duties of supervisors, Code of 1851, § 582; as to the liability of road districts for damages, Laws of 1858, ch. 48, §§ 16, 17; as to the liability of supervisors, Laws of 1858, chap. 154, § 23, and § 902, Revision of 1860; as to the point that at common law the county would not be liable, *Mower* v. *Leicester*, 9 Mass., 248.

*Rankin & Miller* for the appellee.

I. The law imposes upon the county the duty of building, supervising and the general care of bridges. Code of 1851, §§ 514, 517–29.

II. Where the law imposes a duty or obligation it gives a remedy for injuries arising from its non-performance. 2 Chit. Bl., 21 (3 Book, marg.), 23. Ang. & A. Corp., 214, chap. 8, § 8.

III. The petition sets out a clear wrong or injury to plaintiffs, and one for which there should be a remedy against some one. There is none against the road district, *White* v. *Road District, No.* 1, 9 Iowa, 202; there is none against the road supervisor, because he was not notified in writing of the defect in the bridge. Laws of 1858, chap. 154, § 23; there is therefore no corporation or individual liable unless it is the county.

LOWE, J. — In June, 1860, a bridge, constructed by the defendant over a stream called the Big Cedar, on one of the highways in said county, gave way and fell through whilst the plaintiffs' team was passing over the same, damaging said team and the goods in the wagon, as is alleged, $1,000; to recover which the plaintiffs brought their suit against the County of Jefferson, alleging, in addition to the above, that the under timbers of said bridge were defective and rotten, a fact alleged to have been known to defendant, but not to plaintiffs; nor was such defect visible to the

traveler; nor was the falling of the bridge occasioned by any fault or carelessness of the plaintiffs. A demurrer, raising the question of the liability of the county for such injuries, was overruled, and the same question is renewed before us for settlement.

It is claimed, in support of the demurrer, that at common law the county would not be liable; that there is nothing in the provisions of the statute declaring such liability; but that the remedy, if one exist at all, for such damages, is against the supervisors of road districts, under the circumstances and conditions specified in § 902, Rev. of 1860. When the injured party can bring himself within the terms and purview of that section, there is no doubt but that the supervisor may be made liable for a certain class of injuries. But his liability is personal, for a careless performance, or a continued neglect, after notification, of some duty imposed upon him by law, in consequence of which an injury has resulted. But there are some things in connection with highways and bridges for which he is not responsible. Section 907 of the same act only requires the supervisor of a road district to keep them in as good condition as the funds at his disposal will permit. Usually the power and jurisdiction of a road supervisor is limited to a very few miles of road, and the funds at his disposal correspondingly small. It is not made his duty to build bridges over streams involving a large expenditure of money, or to repair bridges requiring an amount of funds entirely beyond his power to command; as, for instance, where a bridge has been burnt or blown down, or rendered wholly unsafe and impassable from long usage and decay, the repair of which in all such cases would be equal to the original cost of construction.

This class of improvements, because of their general and public importance, are very properly placed under the control, and are to be made at the common expense of

the whole county; yet even the county, by its authorized agents, cannot make such improvements or repairs if the expenditure will require more than $500, unless the County Judge (and perhaps, now, the County Board of Supervisors) shall first be petitioned by one hundred qualified votes of the county, and give notice, &c. Section 1262, Rev. of 1860. It would be a strange interpretation of the road law to require ten or a dozen men in a small road district to reconstruct a bridge worn out by age, costing a heavy outlay of money and labor, simply because the bridge happened to fall within the limits of that district.

Nevertheless, it is true, that that district and its supervisor may have certain duties to perform in relation to improvements of this kind. The bridge may be strong and substantial, and ordinarily safe for the transit of the traveling public, but a little out of repair — a plank displaced, or something of that description, requiring but little labor or expense to mend or repair the same. All persons comprehend very readily why this duty would devolve upon the supervisor of the district in which the bridge may be situated. But the distinction between such a case and the one made in the plaintiffs' petition in this cause, is clear. We presume the county of Jefferson would not think of insisting, that the supervisor of the road district where this bridge is located should rebuild it himself, or at the expense of the district, for reasons which we have already suggested. If then, he was not bound to repair a defect which involved a reconstruction of the bridge, he cannot be held responsible for damages resulting from the unsafe condition of said bridge.

We have already held that a road district was not a corporation in such a sense that it could be sued. 9 Iowa, 202. If the supervisor is not liable in a case of this description, the question recurs, to whom must the plaintiffs look for indemnity ? We think the county. We think so because

the county is charged with the duty of building and maintaining bridges, and even repairing them, when the requisite expenditure for doing so is large. This duty involves the corresponding obligation or liability to pay damages resulting from a neglect of the same. This rule is not only authorized and sanctioned by the analogies, but by the policy of the law, which requires that the traveling public should have some security for a safe passage over the bridges and highways of the country. 2 Sharswood's Blackstone's Com., 21; Angell and Ames on Corporations, 214.

In England it has been held that the common law casts a *prima facie* liability upon a county to repair bridges within its limits, and that they are compellable by indictment to perform such duty. Moreover, that they are liable to an action at the suit of any one injured in consequence of their being out of repair. Grant on Corporations, 500–1, 283–4, and the various authorities there cited.

The order overruling the demurrer is affirmed, and the cause remanded.

Affirmed.