COLLINS *et ux.* v. THE CITY OF COUNCIL BLUFFS.

1. **Corporation municipal: LIABILITY FOR FAILURE TO KEEP STREETS IN REPAIR.** A municipal corporation is liable for damages caused by its neglect to keep its streets in proper repair.

2. —— ACCUMULATION OF SNOW AND ICE ON SIDEWALK. The suffering of an accumulation of snow and ice on the sidewalk, whereby injury is caused to an individual in consequence of a fall occasioned thereby, will render the city liable, in damages, for the injury sustained. The duty, on the part of a city, to repair its streets is not discretionary.

3. —— NEGLIGENCE IN EMPLOYMENT OF PHYSICIAN. To entitle a person thus injured to recover of the city the damages sustained, it is not necessary that he employed the best medical and surgical skill to be had, in effecting a cure. If he used reasonable and

ordinary care in the selection of a physician or surgeon it is sufficient.

4. —— DAMAGES. An instruction to the jury in such case, to the effect that if they found the injury to be of a permanent character they should consider that fact as an element in enhancing the damages, was *held* not erroneous on the ground that under it the jury might take into consideration and allow for future sufferings of the plaintiff.

5. —— EXCESSIVE DAMAGES. In an action against a city to recover for injuries caused to the plaintiff, a married woman, from a fall occasioned by ice accumulated on the sidewalk of a city, a verdict for $15,000 was held not so excessive as to justify its disturbance.

6. —— LIMITATION OF LIABILITY: OFFICER. By the charter of the city of Council Bluffs, the city was clothed with the power and required to discharge the duties pertaining to highways, before exercised by the road supervisors under the general law of the State. *Held,* that the restrictions contained in such law on the liability of the supervisor for his failure to perform the duties imposed did not accompany the transfer of the duties to the city.

*Appeal from Mills District Court.*

FRIDAY, JULY 28.

ACTION to recover damages sustained by Lerretta Collins, the wife of the other plaintiff, from an injury resulting from a fall caused by the accumulation of ice and snow in the street of defendant. There was a verdict and judgment in the sum of $15,000 for plaintiffs. Defendant appeals. The facts of the case, necessary for an understanding of the points ruled, are stated in the opinion.

*Sapp, Lyman & Hanna* and *Reed & James* for the appellants.

*Clinton, Hart & Brewer* for the appellees.

BECK, J. — The plaintiff, Lerretta Collins, on the night of January 4, 1869, while passing along the sidewalk of Broadway, one of the streets of the city of Council Bluffs,

in company with her husband, fell violently, breaking the bone of her left thigh. The fall was caused by the pavement being rendered slippery and unsafe from ice and snow accumulated thereon. The snow had not been removed from the pavement when the accident occurred. It was, to some extent, thawed during the day-time, and as there was a great amount of travel along the sidewalk — the street being the principal thoroughfare of the city — the pavement became covered with ice, uneven and irregular upon its surface, thus rendering the locality difficult and unsafe for foot passengers. Mrs. Collins had no knowledge of the obstruction, and was exercising proper care and diligence when the accident happened. The street, at the place where she fell, had been in the condition described for many days, which was known to the city marshal, whose duty it was, under the city ordinance prescribing the duties of city officers, to abate nuisances and remove obstructions found upon the streets or sidewalks of the city. He had given notice to the occupant of the house adjacent to the pavement where Mrs. Collins fell, to remove the snow, which had not been done, or at least had not been sufficiently done to prevent the sidewalk from becoming obstructed as above stated.

The injuries received by Mrs. Collins were very severe. The neck of the left thigh bone was fractured. Her sufferings were intense and protracted. She was kept in her bed for more than seven weeks, and when she left it, found that she was a cripple for life. Her left limb, at the time she gave her testimony at the trial, nearly eight months after the accident, was still useless and she continued to suffer pain from the injury. She was a woman of good health, and superintended the household affairs of the husband, who kept a boarding-house. The evidence tends to show that she is totally unfitted by the accident for the active duties of life, and that she will never recover from its effects.

The defendant is incorporated under a special act of the legislature, and in the language of its charter, "is invested with all the powers and attributes of a municipal corporation." Chap. 64, § 2, Acts 4th General Assembly. It is clothed with the necessary power to sustain a city government, to levy taxes for municipal purposes, as well as all other powers usually conferred upon municipal corporations. It is empowered to establish, improve and keep in repair the streets of the city. The powers thus conferred had been assumed and acted upon. Streets of the city, among others the one where the accident to Mrs. Collins happened, had been improved and kept in repair under the authority of ordinances enacted by the city council. By a like ordinance the marshal, as above stated, was required to remove all obstructions found in the streets.

I. The liability of a municipal corporation, for damages caused by neglect to keep its streets in repair, under the decisions of this court, can hardly now be questioned. In *Rusch* v. *The City of Davenport*, 6 Iowa, 443, the city was held liable for an injury resulting from the defective condition of a bridge, being part of a street. In *Rowell* v. *Williams*, 29 Iowa, 210, we held the city liable for damages resulting from an injury received by the plaintiff falling into an open cellar or excavation for the cellar of a building about to be erected, the same being upon the line of the street, and no precaution having been taken by the city for the protection of those going that way. In *Manderschid* v. *The City of Dubuque*, 29 Iowa, 73, plaintiff recovered for damages resulting from injuries to his horse sustained by defects of a bridge being a part of a street of the city. See. S. C., 25 Iowa, 108. Counties have been held liable in the following cases for injuries resulting from defective bridges negligently permitted and kept: *Wilson & Gustin* v. *Jefferson County*, 13 Iowa, 181; *Brown* v. *Jefferson County*, 16

1. CORPORA-TION MUNICI-PAL: liability for failure to keep streets in repair.

Collins v. The City of Council Bluffs.

id. 339; *McCullum* v. *Black Hawk County*, 21 id. 409; *Soper* v. *Henry County*, 26 id. 264.

The liability of the counties in these cases, it was *held* results from the fact that they are charged by the law with keeping in repair a certain class of bridges (see *Soper* v. *Henry County, supra*), and their neglect of that duty subjects them to the action of the party injured. The liability of the incorporated city is more extended than that of counties for negligence in keeping in repair their streets. *Soper* v. *Henry County, supra*, and authorities there cited.

The following authorities are in accord with the decisions of this court upon this question: *Weightman* v. *Washington*, 1 Black. 39; *Chicago* v. *Robins*, 2 id. 418; *Nebraska City* v. *Campbell*, id. 590; *Browning* v. *Springfield*, 17 Ill. 143; *Sevren et al.* v. *Eddy*, 52 id.; *Erie* v. *Zurngle*, 22 Penn. St. 384; *Wilson* v. *The Mayor*, 1 Denio, 595; *Wert* v. *Brockport*, 16 N. Y. 161; *Lloyd* v. *Mayor*, 5 id. 369; *Hyatt* v. *Rondout*, 44 Barb. 385; *Dayton* v. *Pease*, 4 Ohio St. 80; *Smart* v. *The Mayor, etc.*, 24 Ala. 112; *Dewey* v. *Detroit*, 15 Mich. 307(9); *Corey* v. *Detroit*, 9 id. 165; *Cook* v. *City of Milwaukee*, 24 Wis. 270.

II. The negligent permission of an obstruction in a street, from snow and ice being deposited there from natural causes, whereby injury results to a traveler, will render the city liable. In other words, the city is liable for neglect to remove obstructions from such causes.

2. —— accumulation of snow and ice on sidewalk.

It cannot be doubted that the city would be liable for negligently permitting ditches washed in the street by floods from the rains. These would be effects of natural causes. So the deposits of snow from natural causes in the streets, if negligently permitted by the city to remain, and damage to one using the street results therefrom, renders the city liable. In the first instance the duty imposed upon the city to repair the streets, it will be readily seen,

Collins v. The City of Council Bluffs.

requires it to cause the ditch to be filled up — the obstruction to be removed.    The duty to repair, in a like manner, requires the city to remove the obstructions from the deposits of snow.    To repair means to restore to a good state after partial destruction.    A street may be destroyed by depositing obstructions upon its surface, as well as by excavating below its surface.    When it is partially destroyed by deposits, it may be repaired by removing them.    In the case before us the city was required to repair the street, by removing the obstructions caused by the snow and ice.

III.    The duty of the city to repair its streets is not discretionary.    It is clothed with the power so to do by its charter; in assuming the power the duty becomes absolute and obligatory.    Otherwise the citizen could have no protection for injuries growing out of omission of duty, and there could be no case of liability against the city for negligence in the refusal to exercise its powers.    The position of defendant's counsel to the effect that the exercise of the power to repair the streets is discretionary, is in conflict with the foregoing authorities under which the city is liable.    Neither is it supported by the language of the city charter.

IV.    The court instructed the jury that it was incumbent upon plaintiff " to make use of reasonable means to effect *3.—negligence in employment of physician.* as speedy and complete a cure as could reasonably be accomplished under all the circumstances," that if she neglected so to do and her injuries have been aggravated thereby, she ought not to recover for injuries occasioned by such neglect.    " But if in the selection of a physician, and in the use of other means for effecting a cure, she used reasonable and ordinary care, her damages should not be diminished, notwithstanding you may find that, by a more skillful treatment, her sufferings might have been alleviated and her condition improved."

This instruction unquestionably announces a correct

rule. All that the law required of plaintiff was the exercise of her judgment and the care which men of ordinary prudence, under like circumstances, would exercise in the choice of physicians, and the means to be used to effect her recovery. She was not required to employ the best surgical skill and the means best adapted to heal her injuries. These may not have been within her reach. And while she may have possessed prudence and reason even, in the highest degree possessed by men who are unlearned in medicine and surgery, she still may have been unable to choose the best means for her recovery. But she was required to exercise only the judgment and care which men and women in her condition are ordinarily capable of exercising. This is the purport of the instruction. In the ruling upon this fourth point Mr. Justice COLE does not concur.

V. The jury were instructed that, if they found the injury to be of a permanent character, they should consider that

4. —— damages. fact as an element in enhancing damages. This instruction is objected to, because, in the language of counsel, "the jury under it might take into account and allow for future suffering." But the jury could not allow for future suffering as separate cause of damage, because the instruction contemplates nothing of the kind. It has no reference to sufferings. The fact that they may be inseparably connected with the permanence of the injury is not, by the instruction, made an element determining the damages.

Another objection to this instruction is based upon the alleged fact that there was no evidence upon which damages could have been estimated for the permanence of the injury. We think otherwise. The age, condition of health and manner of life of the plaintiff was proved. Upon these, with other evidence before them, as the value of her personal services, the jury were able properly to base an estimate of damage.

Collins v. The City of Council Bluffs.

VI. The counsel for defendant insist that the damages are excessive, and we are asked to reduce them. That the amount allowed is beyond any sum recovered in this State in an action of like character known to us, is true. We are free to admit that it is large. But that it is not justified by the facts of the case we cannot conclude. Taking into consideration the terrible and protracted sufferings of plaintiff, the fact that through the negligence of defendant she, who had been an active, useful woman, is reduced to a helpless cripple for life, a burden to herself and her friends, it does not appear that the verdict, if large, is excessive; certainly not to that extent which warrants the conclusion that it is the result of passion or prejudice. It should so appear to authorize us to interfere with the finding of the jury. This court, in one case at least (*Sherman* v. *The Western Stage Co.*, 24 Iowa, 569), required the plaintiff to remit a part of the damages recovered. But this was done under the peculiar circumstances of the case, and in view of the doubtful right of plaintiff to recover exemplary damages, which the jury, under the instructions of the court, were authorized to find, and of an offer of plaintiff to remit a part of the judgment. That case is not authority for the reduction of the judgment in this. It is the duty of the jury to assess the damages in cases of this character; the law imposes that duty upon them in consideration of their fitness to discharge it. Neither in fact nor in law are courts better prepared to discharge it; they are not under the law charged with that delicate duty, and should not indirectly assume its exercise when, according to their judgments, verdicts do not accord with their views in the exact amount of damages allowed. If we may remit a part of a judgment, or direct a new trial simply because we think a verdict is for too great a sum, why may we not add to a judgment or order a verdict when, in our opinion, the verdict is not sufficient in amount? In no

case ought a verdict be disturbed unless it is so flagrantly excessive as to raise a presumption that it was the result of passion, prejudice or undue influence, and not the result of an honest exercise of the judgment and the lawful discretion of the jury. In our opinion (Mr. Justice COLE not concurring therein) the verdict in this case does not authorize such a conclusion.

VII. By the charter of the city it is clothed with the power and required to discharge the duties pertaining to highways, before exercised by the road super-visor. Under the law then in force the su-pervisor was held responsible for damages resulting from unsafe or impassable roads, when notified thereof in writing, and after allowing a reasonable time for repairing them. Code 1851, § 582. A similar provision is contained in chapter 154, of the acts of the 7th General Assembly. Rev. 1860, § 902. It is argued that the city can only be made liable upon a compliance with those laws being shown. But it must be remembered that the charter of this city makes no provision or restriction as to the liability of the city in discharging the duty imposed upon it in regard to roads. It does not, by direct words, or by inference, limit the liability of the city. The act in question was designed to restrict the liability of an officer for neglect to perform certain duties. When those duties are transferred to another, the restrictions do not accompany them. The provisions of the act extend to a particular officer upon whom the duties were imposed, and are not conditions attached to the duties themselves.

*6. —— limitation of liability: officer.*

VIII. We have considered the points in the case in the order we find them presented in defendant's brief. One or two objections made in the assignment of errors were not pressed upon our attention in the argument, nor are they noticed in the briefs of counsel. They do not, therefore, demand our attention. As to one of these, namely, that the verdict is not supported by the evidence, we may

Collins v. The City of Council Bluffs.

briefly remark that having, with great care, considered and well weighed the evidence, we are satisfied that while, in some points, there is conflict, it sufficiently sustains the findings of the jury both general and special.

The judgment of the district court is

Affirmed.