### CHANDLER v. FREMONT COUNTY.

1. **Bridges:** LIABILITY OF COUNTY. It is the duty of counties to construct and maintain in proper condition for public use all "county bridges" within their limits, and they are liable for all injuries resulting from their negligent construction or the failure to keep them in repair.

2. ———: WHAT ARE COUNTY BRIDGES. County bridges are those which require for their construction an extraordinary expenditure of money, beyond the means at the disposal of the road districts, and those which have been constructed by the county.

3. ———: ———: DAMAGES. In an action for injuries resulting from the defective construction of a bridge, it appeared that the cost of the bridge was seventy-five dollars, that the repair of the defect would have cost five dollars, and that the road district was possessed of ample means to construct and repair the bridge: *Held*, that the county was not liable.

4. **Practice in the Supreme Court:** COSTS. The cost of printing the abstract will not be taxed where the appellant has failed to abstract the evidence as required by law.

*Appeal from Mills Circuit Court.*

MONDAY, DECEMBER 13.

PLAINTIFF brings this action to recover from the county for injuries received by being precipitated from a bridge, situated upon a public highway in the county. The cause was tried to a jury, resulting in a general verdict for the plaintiff for fifteen hundred dollars. A special verdict was also rendered by the jury.

The defendant filed a motion for judgment in its favor on the special verdict, and also a motion for a new trial, both of which were overruled, and judgment rendered on the general verdict. Defendant appeals.

*J. L. Mitchell, E. H. Sears* and *H. K. McJunkin,* for appellant.

*A. R. Anderson, Robert Simons* and *Hale & Stone,* for appellee.

MILLER, CH. J.—It is well settled under the decisions of this court that it is the duty of the counties of the State to

1. BRIDGES: liability of county. construct and maintain in proper condition for public use all bridges upon the public highways within the county which are properly denominated "county bridges," and that there is a corresponding liability for injuries resulting from defects in their construction, or neglect to keep the same in proper repair. *Wilson et al. v. Jefferson County*, 13 Iowa, 181; *Brown v. Jefferson County*, 16 Id., 339; *McCullom v. Blackhawk County*, 21 Id., 409; *Soper v. Henry County*, 26 Id., 264; *Moreland v. Mitchell County*, 40 Id., 394; *Taylor v. Davis County*, Id., 233.

It is also settled that "county bridges" are such only as require for their erection an extraordinary expenditure of

2. ——: what are county bridges. money; such bridges as cannot be constructed with the limited means under the control of the respective road districts of the county, or such as have been constructed by the county. *Id.*

In this case the evidence and special findings of the jury show that the span of the bridge was twelve feet across a

3. ——: ——: damages. small creek; that it was not built by the county; that a complete and safe bridge with railings could be built at the place in question for seventy-five dollars; that the defect in the bridge was the absence of railings, which could have been put on at a cost of five dollars, and that the road district within which the bridge was situated had ample means, not only to make the proper repairs to the bridge, but to erect the same. There is an entire absence of evidence to show that the county ever had anything to do with the bridge. The facts found by the jury in their special verdict show that this was " one of those small bridges which the law contemplates shall be built and kept in repair by the road district," as was held in *Soper v. Henry County*, and *Taylor v. Davis County*, *supra*, and not one of those large bridges requiring an extraordinary expenditure of money to construct and maintain in good order for public use, as in *Brown v. Jefferson County*, *supra*, or *Moreland v. Mitchell County*, *supra*, or

*Barret v. Brooks*, 21 Iowa, 144; *Bell v. Foutch*, Id., 119; *McCullom v. Blackhawk County, supra.*

The special verdict thus showing facts which establish the legal right of the defendant to a judgment in its favor, the court erred in overruling the motion for such judgment. The judgment will be reversed and the cause remanded, with directions to the court below to render judgment on the special verdict for defendant for costs; or, if appellant so elect, such judgment will be rendered in this court.

The clerk of this court, in taxing costs, will allow appellant for only fifteen pages of abstract; the evidence as contained 4. PRACTICE in the printed abstract not being abstracted or in the Supreme Court: abridged as required by the rules of this court, costs. the appellant will not be allowed costs for printing the same.

REVERSED.