ALBEE v. FLOYD COUNTY.

46 177
95 9

46 177
112 562

1. **Bridges:** APPROACHES TO. The approaches to a bridge constitute a part of the bridge itself, and in the case of a county bridge the county is liable for their construction and maintenance in the same manner and to the same degree that it is liable for the bridge.

2. ———: LIABILITY OF COUNTY: NEGLIGENCE. That a part of the cost of construction of a county bridge was contributed by another corporation and by citizens does not release the county from liability for negligence in its construction or in keeping it in repair.

3. ———: DEFECT IN CONSTRUCTION. The county is under obligation to so construct its bridges that they shall be safe for travelers, and is liable for injuries caused by any defects in the bridges or approaches thereto.

4. ———: DAMAGES: PLEADING. An averment in the petition, in an action against a county for damages incurred by defects in a bridge, that the plaintiff had not full knowledge of the defects is unnecessary.

*Appeal from Bremer District Court.*

MONDAY, JUNE 11.

ACTION to recover for personal injuries sustained by plaintiff from being thrown with his sleigh, in which he was then riding, down the bank of the approach to a bridge, the accident being caused by the defective and dangerous condition of such approach.

A demurrer to the petition was sustained and judgment rendered for defendant, plaintiff standing upon his pleading. He now appeals to this court.

*S. P. Leland* and *J. S. Root*, for appellant.

*Starr, Patterson & Harrison*, for appellee.

BECK, J.—I. The first three grounds of demurrer may be considered together. They present substantially the objection

that the petition fails to show defendant constructed or had control of the construction and repairs of the bridge and approach, and was under obligation to keep it in repair.

The petition alleges that "the bridge was built about 1869, by money, materials and labor furnished, a part by the county of Floyd, a part by the township of St. Charles, and a part by the citizens of Floyd county; that the approaches of the bridge were a part of the bridge and necessary to enable travelers to pass on and off of the bridge. One of these "approaches was eighty feet long and from one and a-half to eight feet high, the other was sixty feet long and from three to five feet high.

1. The approach to the bridge was a part of the bridge.
1. BRIDGE:approaches to. *Moreland v. Mitchell County*, 40 Iowa, 394. 2. The fact that a part of the cost of construction of the bridge and approach, which together constitute in law the bridge, was contributed by another corporation, or by citizens, 2. ———: liability of county: negligence. does not relieve the defendant of liability for negligence in its construction or in keeping it in repair. *Moreland v. Mitchell County, supra; Van Pelt v. City of Davenport*, 42 Iowa, 308.

3. There can be no doubt, upon the facts as shown by the petition relating to the dimensions of the bridge, that it is a "county bridge," and that defendant was under obligation to cause it to be so constructed and kept in repair that it would be safe in its proper use. *Chandler v. Fremont County*, 42 Iowa, 58; *Soper v. Henry County*, 26 Iowa, 269.

II. The third ground of demurrer presents the further
3. ———: defect in construction. objection that the defects of the bridge causing the injury to plaintiff, as shown in his petition, are not such as defendant is required by law to repair.

The petition shows the accident occurred because of defects in the construction of the approach to the bridge, which was but twelve feet wide, with a crowning surface for the roadway. The defendant is under obligation to so construct bridges that they shall be safe for travelers.

III. In the fourth sub-division of the demurrer it is urged

as an objection to the petition that it does not aver that plain-
**4. ——: damages: pleading.** tiff had not full knowledge of the defects in the bridge. No such averment is required to make out a cause of action.

IV. Other objections are to the effect that the petition fails to show that plaintiff was not himself negligent. They find no support in the record. The petition alleges that the plaintiff was without fault or negligence.

In our opinion the demurrer was erroneously sustained.

REVERSED.