## McMILLAN v. THE B. & M. R. R. Co.

1. **Negligence:** CARE REQUIRED OF INFANT. A distinction is to be drawn between the negligence of an adult and that of an infant, the infant being required to exercise for his own protection such care only as a person of his age and discretion would naturally use.

2. ———: LIABILITY OF RAILWAY COMPANY. When a child who was walking upon a railroad bridge fell therefrom as a train was passing over, it was *held*, in an action against the company by his administratrix, that it was not necessary for plaintiff to prove that the child was struck by the train to enable her to recover, but that the defendant was liable if the fall was occasioned by the negligent acts of its employes, in the absence of negligence on the part of child.

### *Appeal from Jefferson District Court.*

### TUESDAY, JUNE 12.

THE petition avers that George W. McMillan, the plaintiff's intestate, being a boy about nine years of age, while walking upon defendant's bridge was thrown therefrom by the defendant's train, and caused to fall from the top of said bridge to the ground, a distance of about twenty feet, and thereby sustained an injury from which he died on the following day. The petition also avers that the accident was caused by the negligence of the company, and that said George W. McMillan did not by his own negligence contribute thereto. The

answer denies the allegations of the petition, and avers that as one of its trains was going west over its road the said George W. McMillan wantonly, carelessly and negligently entered on one of its bridges and came about midway on the top thereof, and sat down and concealed himself on said bridge on one of the crossbeams, where there was no occasion or necessity of his being, and that while he was on said bridge and so concealed from view, the defendant's said train entered upon and moved over said bridge at the usual rate of speed without any knowledge at the time on the part of the defendant, its agents or employes, that the said George W. McMillan was so stationed on said bridge. The answer further avers that while said train was going over said bridge the said Geo. W. McMillan, either through fright or recklessness, fell or jumped down a distance of about fifteen or twenty feet to the ground, and by reason of the fall received the injuries of which he died. Other facts are stated in the opinion. Verdict for the defendant. Plaintiff appeals.

*Dashiell & Andrews*, for appellant.

*Perry & Townsend*, for appellee.

ADAMS, J —I.   The following instruction was asked by the plaintiff:

"The burden of proof is on the plaintiff to show both the negligence of the defendant and the care of the deceased, that
1. NEGLIGENCE: is, such care as a child of his age and discretion
care required of
infant. would naturally use. But she is not bound to do more than raise by her proof a reasonable presumption of negligence. If the facts proved make it probable that the defendant neglected its duty it is for the jury to decide whether or not it did so."

The court refused the instruction and instructed the jury as follows:

"1. To entitle the plaintiff to recover in this action she must establish by a preponderance of evidence the following facts: First, that Geo. W. McMillan is dead. Second, that he was injured by reason of the negligent acts of the defend-

ant, its agents, servants and employes, in running and operating a train of cars over its track, and without fault or negligence upon his part contributing thereto."

"3. Negligence may be said to consist in omitting to do that which a man of ordinary care and prudence under like circumstances would not omit, and in doing that which a man of like care and prudence under like circumstances would not do."

"5. If you find from the evidence that said Geo. W. McMillan knowingly went upon the track of the defendant; that he had an unobstructed view of the railroad for one-fourth of a mile or more, so as to know of the approach of a train in time to clearly avoid an injury, and in the exercise of ordinary care might after seeing an approaching train have sought and found a place of safety, but failed to do so, and was injured by a train so approaching him, he was guilty of contributory negligence."

It is claimed by the counsel for appellant that the court erred in refusing to instruct as asked and instructing as it did, because it made no distinction between the care required of adults and the care required of children.

Authorities are not wanting which ignore the distinction between the care required of adults and the care required of children; but the preponderance of authority now is that a distinction should be made. We are of the opinion that the instruction asked by the plaintiff should have been given, and that the third instruction given by the court should have been so drawn as to harmonize with it. *McMahon v. The Mayor*, etc., 33 N. Y., 642; *Railroad Co. v. Gladmon*, 15 Wallace, 401. In the case at bar the decedent was less than ten years of age, and while it may be that he did not exercise that care which might properly be required of a boy of that age, yet it was for the jury to determine whether he did or not, after having their attention called to the distinction which they should make between the care required of a child and the care required of an adult.

Some of the Justices have entertained some doubt on account of the condition of the record. It contains no evi-

dence showing either negligence on the part of the company, or care of any degree on the part of the decedent. But as the District Court instructed the jury in regard to the care that might be required of them respectively, we think that we should not be justified in presuming that there was no evidence in relation thereto.

II. The court gave the jury the following instruction: "The plaintiff alleges in her petition and claims on this trial

2. ———: liability of railway company. that the deceased was not down on the cap of one of the bents of the bridge, but was somewhere on the top of the bridge on the ties at the time. She claims that the cars struck him and knocked him off the bridge, causing his injuries and death. While, on the other hand, the defendant claims that the deceased was down on one of the caps about two and one-half feet below the track in a position not to be seen by the engineer, and was not seen by him in time to stop the train before reaching the bridge, and that the deceased fell off said bridge, thereby receiving the alleged injury.

"The defendant has introduced the testimony of witnesses showing themselves to be competent as experts, who have testified before the jury, giving their opinion on the case put to them, whether the injury was received by the cars knocking the deceased off the bridge or by falling from one of the caps of the bridge.

"The jury are instructed that it is their duty to consider such evidence just like the testimony of any other witness, and not to discard it simply because it is the evidence of experts or professional witnesses, and if the jury believe that the testimony of these experts and the evidence in the case sustains the correctness of the defendant's theory that the injury was caused by falling off the bridge, the plaintiff cannot recover, provided such falling off was not caused by the negligent acts of the defendant."

The appellant complains of this instruction, and says: "Proof that the deceased was killed by being shaken from the bridge, or that he fell from giddiness caused by the train, or jumped off to avoid being struck, the other material

allegations being proved, would certainly entitle the plaintiff to recover. Yet the effect of this instruction is that she cannot recover unless she proves that the deceased was actually struck by the cars and knocked from the ties of the bridge, or in other words, as stated at the close of the instruction, if the evidence should show that the injury was caused by the falling off the bridge, that the plaintiff cannot recover."

Because the plaintiff averred that the deceased was forced off the bridge, we do not think it was necessary to prove that he was actually struck, and if the instruction required the jury to find that he was actually struck to enable her to recover, we think it is erroneous. But the court refused to instruct as asked by defendant, that if the injury was caused by falling off the bridge the plaintiff could not recover, and by way of modification, in substance instructed that she could not recover if the deceased fell off the bridge, and *such falling off was not caused by the negligent acts of the defendant.* Taking the instruction altogether we think it was correct.

For the error in refusing the instruction asked, the case must be

