## ROBY v. APPANOOSE COUNTY.

63 113
106 90
63 113
112 562

### (Two cases.)

1. **County Bridges:** LIABILITY OF THE COUNTY FOR NEGLECT TO MAKE SLIGHT REPAIRS. Conceding that it is the duty of a road supervisor to make slight repairs about a county bridge or its approaches, still the same duty devolves upon the county when the repairs are not made by the road supervisor. Code, § 527. *Wilson v. Jefferson Co.*, 13 Iowa, 181, distinguished, and *Moreland v. Mitchell Co.*, 40 Iowa, 394, followed.

2. **Practice in Supreme Court:** PRESUMPTION IN FAVOR OF TRIAL. COURT. Where the evidence is not all before this court, and an instruction complained of assumes that there was evidence tending to establish a certain material fact, it must be presumed, for the purpose of reviewing such instruction, that there was such evidence.

3. ————: ERROR PRESUMED TO HAVE BEEN PREJUDICIAL UNLESS THE CONTRARY IS SHOWN. This court cannot presume that an erroneous instruction was without prejudice unless that fact affirmatively appears.

4. **Practice:** INSTRUCTIONS: SPECIFIC BETTER THAN GENERAL. While the refusal to give a specific instruction, the principal of which is presented in a general instruction already given, may not be ground for reversal, it is better to give the specific instruction, when requested.

*Appeals from Appanoose Circuit Court.*

FRIDAY, MARCH 21.

THESE cases are submitted together, as arising out of the same state of facts, and involving substantially the same questions of law.

The first is an action brought by Isaac O. Roby, as father of John H. Roby, for an injury alleged to have been sustained by the latter, as a minor child, by reason of a defec-

tive bridge. The latter is an action brought by John H. Roby himself, (by his next friend,) to recover the damages alleged to have accrued to him from the same injury. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff in each action appeals.

*Vermillion & Vermillion* and *Miller & Godfrey*, for appellants.

*Tannehill & Fee* and *Geo. D. Porter*, for appellee.

ADAMS, J.—I.  There was evidence tending to show that in May, 1880, a defect occurred in one of the so-called approaches of the bridge ; that one of the stringers was out of level, and some of the planks were loose and displaced; that, while the stringers and planks were in this condition, John H. Roby, a boy about eight years of age, attempted to ride a horse across the bridge ; that the defect caused the horse to stumble, and the boy fell from the horse and was injured.

The court gave an instruction in these words: " If you find that the injury to John H. Roby (if he was injured) was not the result of any original or structural defect in said bridge or its approaches, but was caused by some loose plank or flooring, which might have been nailed down and repaired by the road supervisor with slight expense, and with the means at his command, then the county is not liable, and you should find for the defendant." The giving of this instruction is assigned as error.

In our opinion the instruction cannot be sustained. Whether any obligation rests on the road supervisor in such case we need not determine.  No such question is before us. If we should concede that the road supervisor is under obligation to make slight repairs, we should still feel constrained to hold that a like obligation rests upon the county, when such repairs are not made by the road supervisor, and are

necessary for the public safety. The statute upon this point is unqualified and imperative. Code, § 527. We could not sustain the instruction without engrafting an exception upon the statute for which we find no warrant. The instruction, we presume, was based upon certain language used by Mr. Justice Lowe in *Wilson v. Jefferson County*, 13 Iowa, 181. But what was said in that case is not authority in this. It was not held in that case that the obligation to make slight repairs rested solely upon the road supervisor. This court, in *Moreland v. Mitchell County*, 40 Iowa, 394, referring to *Wilson v. Jefferson County*, said: "Although it may be the duty of the road supervisor in whose district the bridge is situated to adjust a displaced plank, or something of that description, requiring little labor or expense to mend or repair the same, yet the county is not for this reason relieved of its duty to keep county bridges in proper repair, or of the resulting liability for a failure to do so." In addition, it may be said respecting *Wilson v. Jefferson County*, if anything more needs to be said, that, at the time of that decision, the duty of the county to repair county bridges was not as well defined by statute as it is now.

The appellee, however, insists that it does not appear that the bridge in question was a county bridge. The statute 2. PRACTICE above cited defines county bridges as "all public in supreme court: pre- bridges exceeding forty feet in length, over any sumption in favor of court stream crossing a state or county highway." The below. precise character of this bridge is not shown by the evidence. It is possible, therefore, that it was not a county bridge. But we do not think that we should be justified in assuming that it was not. The bill of exceptions does not purport to contain all the evidence, and what is set out does not show that the bridge was not a county bridge. On the other hand, the instructions of the court were based upon the theory that there was evidence tending to show that the bridge was a county bridge. There being nothing to show otherwise, we must, for the purpose of examining the correct-

3. ——— : pre-
judice from
error pre-
sumed unless
contrary
shown.
ness of the instructions, presume that there was such evidence. *McMillan v. B. & M. R. R. Co.*, 46 Iowa, 231. We cannot say that an erroneous instruction was without prejudice, unless the fact that it was without prejudice appears affirmatively.

We ought, perhaps, in this connection, to notice one other position taken by the appellee. If we understand the argument of its counsel, its position is about as follows: The defect which caused the injury was in one of the approaches to the bridge, and it does not appear that it was in a part for the repair of which the county was responsible.

SAME AS NO. 2, ante.
To this we have to say that an approach to a bridge may be a part of the bridge. *Moreland v. Mitchell Co.*, above cited. In this case the evidence does not show that the approach in question was not a part of the bridge. On the other hand, the instructions are based upon the theory that there was evidence tending to show that it was. It is true that one instruction was given upon the theory that there was evidence tending to show that the approach was built by the road supervisor. The appellee contends that we must assume this to be the fact, and hold as law, applicable to such fact, that the county was not responsible for a defect in a part so built.

What the law would be if we could assume the fact, we need not determine. The evidence set out shows nothing as to who built the approach. While the inference from the instruction is that there was evidence tending to show that the road supervisor built it, there might have been evidence to the contrary. We cannot go beyond the inference above mentioned, and that falls short of justifying us in saying that the error pointed out was without prejudice.

4. PRACTICE :
instructions
specific better
than general.
II. The plaintiffs asked an instruction to the effect that, if one of the board of county supervisors had notice of the defect, the county had notice. This instruction was refused. The court had already instructed the jury, in effect, that notice to its "agents or

proper officers" would be notice to the county. The court doubtless thought that this was sufficient. But, as the notice relied upon was notice to a supervisor, we think that it would have been better to give the instruction asked. It was more specific, and was not, as we understand, open to the objection of emphasizing evidence upon a controverted point. We do not say that we should feel justified in reversing upon this ground, if it were the only error complained of, but, as the case is to be remanded for another trial, it has seemed proper to say what we have.

REVERSED.