## William A. Powell v. The Village of Bowen.

1. VERDICTS—*Upon Conflicting Evidence.*—Where the evidence is conflicting upon the question at issue, it is the province of the jury to determine the question, and this court will not disturb the finding unless it can see that harmful error has been committed by the court in giving, modifying, or refusing instructions.

2. SIDEWALKS—*Notice of Defective Conditions, When Presumed.*—It is the duty of a city to keep its sidewalks in a reasonably safe condition for people to travel over, and when a sidewalk gets out of repair so that it is unsafe to travel upon and so remains for a considerable length of time, notice of its defective condition will be presumed.

3. SAME—*Liability for Injuries Caused by Latent Defects.*—A city can not be held liable for injuries caused by a latent defect, where it had no actual notice of its existence, and where the authorities have used all ordinary and reasonable means to discover it.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

D. MACK & SON and SCOFIELD & McMAHAN, attorneys for appellant.

A. W. O'HARRA, BERRY, McCRORY & KELLEY and E. C. PETER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant sued to recover for injuries sustained by him in being tripped and thrown down by a broken plank on one of appellee's sidewalks. He failed in his suit in a trial by jury and a judgment for costs was entered against him. A reversal is urged upon the grounds that the verdict is against the evidence, and that the court erred in giving and in modifying instructions.

The evidence shows that while appellant and two others were walking along the wooden sidewalk in question, one of his companions stepped upon a cracked or broken plank

which flew up and struck appellant, throwing him down and seriously injuring him.

The real question for trial was whether the village authorities had notice of the defective plank, or rather whether they had exercised proper diligence to discover the defect. The evidence was conflicting upon that point. It was the peculiar province of the jury to decide that question, and we are not disposed to disturb their finding unless we can see that harmful error was committed by the court in giving, modifying or refusing instructions. The conflict was such that this court should not interfere if the jury was fairly instructed.

The defect in the plank which caused appellant's injury was not an open and palpable one, but one that was latent, or hidden in its nature. Appellant contends that there is no difference between a patent and a latent defect in a sidewalk so far as relates to its existence for a considerable length of time, furnishing a presumption of notice of the defect to the municipal authorities. Our courts have repeatedly held that it is the duty of a city to keep its sidewalks in a reasonably safe condition for people to travel over, and when a sidewalk gets out of repair so that it is unsafe to travel upon, and so remains for a considerable length of time, notice of such defective condition will be presumed. Such presumption, it is urged, will arise where the defect is a latent one as well as where it is a patent one. The Circuit Court took a contrary view, and in behalf of appellee gave to the jury the following instruction :

" 10.    The court instructs the jury that it is wholly immaterial how long the board in question in this case may have been cracked, broken or defective, provided such crack, break or defect was of such nature and character that it could not be detected or discovered by the village authorities by the use of ordinary care, caution and diligence."

The same principle is contained in appellee's sixth instruction and in the modifications which the court made to appellant's eighth and ninth instructions.

It is only reasonable that notice of latent defects should not be so readily presumed from their continuance as open

and obvious ones. A city or village against which a suit of this kind is brought can be held liable only on proof of negligence to repair the defect. Mere existence of the defect which caused the injury is not enough to establish negligence. It is the failure to repair the defect after notice, actual or presumed, that constitutes the negligence sufficient to support a recovery. It is difficult for us to see how a city could be held liable for injury caused by a latent defect, if it had no actual notice of its existence, and where the authorities have used all ordinary and reasonable means to discover it. That there is a distinction between latent and patent defects as far as presumption of notice is concerned is recognized in the following authorities : Shearman and Redfield on the Law of Negligence, Vol. 2, page 641; Dewey v. Detroit, 15 Mich. 312; Wakeham v. St. Clair, 91 Mich. 15; Hubbell v. Yonkers, 104 N. Y. 434.

In this case there was no actual notice and the village had used means to discover the defect. Whether they had used ordinary and reasonable means to discover it and whether the defect was of such a nature that it could not be discovered by the exercise of reasonable scrutiny were questions for the jury. We hold that the jury were properly instructed and since they were thus guided, judgment will be affirmed.