---
Thompson vs. Probert.
---

## Thompson vs. Probert.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. The court of appeals cannot regard *ex parte* papers exhibited for the purpose of correcting inaccuracies or defects supposed to exist in the record.

2. Contracts by which the jailer undertakes for a reward to appropriate the jail (or rooms in the jail), to the accommodation of private persons, for uses not prescribed or plainly implied by law, are against public policy. (*Miller vs. Porter*, 8 *B. Mon.*, 282.)

WILL. H. WINN,                          For Appellant,

CITED—

8 *B. Mon.*, 282 *to* 285 ; *Miller vs. Porter*.

1 *Stant. Rev. Stat., p.* 222.

1 *Parsons on Contracts, p.* 373, *and notes*.

4 *Metcalfe*, 309 ; *Stern vs. Freeman*.

1 *J. J. M.*, 236 ; *Breckinridge's heirs vs. Ormsby*.

METCALFE & SEVIER, and REID & REID,          For Appellee,

CITED—

7 *J. J. M.*, 3 ; *Morgan vs. Lewis*.

3 *Monroe*, 254 ; *Roberts vs. Terrill*.

1 *J. J. M.*, 549 ; *Calvert vs. Simpson*.

*Rev. Stat., title Landlord and Tenant, p.* 92, *sec.* 2.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT :

If, as is insisted for the appellant in this case, the bill of exceptions does not present a correct statement of the testimony, it certainly contains no intrinsic evidence that it does not; and it is scarcely necessary to say that this court cannot regard the *ex parte* papers exhibited for the

purpose of correcting inaccuracies or defects supposed to exist in the record.

The material facts of this case seem to be as follows: In the construction of the jail of Montgomery county, a hall and two rooms were provided on the first floor to be used by the jailer for a residence or other purpose of convenience or necessity, in rendering his office and the jail effective in subserving their objects. The appellee, Probert, was at first appointed temporarily to the office of jailer, on the resignation of Ricketts, the former incumbent, and he was afterwards elected to the office in August, 1863. When he took charge of the jail by appointment of the county court, the appellant, W. W. Thompson, was in the occupancy of said two rooms and hall, using them as a saddler's shop, having been permitted to so occupy them by Ricketts, without the payment of rent; and he continued to do so afterwards for over two years and some months, without any express contract, either with Probert or the county court, and with the assent of Probert, at least for the time he held the office by appointment.

Whether or not, on these facts, Thompson was liable to Probert for rent of the hall and rooms from the time of Probert's election in August, 1863, is the only material question to be decided on this appeal.

It is insisted for the appellee that Thompson was liable for the rent upon an *implied* promise, according to the well-settled doctrine that assumpsit may be maintained for the use and occupation of land, whenever the possession has been held by the consent of the owner, though there be no *express* contract for the payment of rent. This position assumes not only that it is established that the county court had, by acquiescence at least, permitted

the jailer to appropriate the rooms and hall to his private use as a "kind of emolument to his office," but that it was legally within the power and authority of the county court to do so.

In the case of *Miller vs. Porter* (8 *B. Monroe*, 282), this court held that "contracts by which the jailer undertakes for a reward to appropriate the jail to the accommodation of private persons for uses not prescribed or plainly implied by law are against law and public policy, not only as involving a direct breach of duty in converting the public property to private and unauthorized use, whereby it will be more or less injured (which might be said even if he were not to receive a reward), but also and more especially, because it tempts the jailer to a violation of duty in this and other particulars which have been adverted to, and with the almost certain effect of producing consequences which are themselves in violation of the objects of the law and subversive of its policy. On such a contract neither party could maintain an action."

Although the hall and rooms occupied by the appellant were not intended as cells for the confinement of prisoners, they were, we think, a part of the jail, and for the reasons, which were well expressed in the case of *Miller vs. Porter*, should not have been occupied or used for private emolument, and not in connection with the management and control of the jail as a public prison; and as it was against the policy of the law to so appropriate or use the property, the law would not imply a promise by the appellant to pay for such use.

The judgment against the appellant is therefore deemed erroneous, and is reversed, and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

The CHIEF JUSTICE did not sit in this case.