## SOPER v. HENRY COUNTY.

1. **Corporation municipal:** COUNTY: LIABILITY. Incorporated towns and cities are held to a much more *extended* liability than counties, or school and road districts, even where the latter are declared to be invested with corporate capacity.

2. **Highway:** LIABILITY OF COUNTY: QUASI CORPORATIONS. Counties and other *quasi* corporations are generally held not liable to private actions for the neglect of their officers in respect to highways, unless the statute has by express provision created the liability.

3. —— BRIDGES: COUNTY. A county, in analogy to the liability of municipal corporations with respect to their streets, has been held liable, under the statute, for the unsafe condition of *county bridges*

*proper*, that is, bridges built by the county authorities in the exercise of their statutory power and duty " to make and repair bridges."

4. —— But the duty of repairing roads is not imposed by the statute upon the county as a corporation, but upon the respective road districts ; and for the default of the road district, or of its officers, the county is not liable except as to bridges of the larger class, which would properly come under the designation of county bridges, such as the county would be bound to build and repair, or over which its officers had exercised jurisdiction. For an injury caused by a defective culvert or small bridge, which it was the duty of the officers of the road district to build and keep in repair as a part of the highway, the county would not be liable.

5. —— RULE APPLIED. It was accordingly *held*, of a bridge or culvert some twelve or fourteen feet wide and two or three feet across, constructed over a ditch or small ravine about two feet in depth, in which structure there was a hole which caused an injury to the plaintiff while traveling on the public highway of which such bridge or culvert was a part, that the county was not liable for the injury.

*Appeal from Des Moines District Court.*

THURSDAY, DECEMBER 17.

LIABILITY OF COUNTY FOR DEFECTIVE BRIDGES, ETC. — This is an action against the county of Henry to recover damages sustained by the plaintiff while traveling on a public highway within the county, on account of a defect in a small bridge or wooden culvert, part of the road or highway. The county, by its answer, denied all liability. No question was made on the trial, as to the fact that the highway was out of repair, or that the plaintiff was injured in consequence thereof. The court, however, being of opinion that the county was not liable, instructed the jury accordingly, and a verdict was returned in its favor. The plaintiff appeals, and the question made is one of law, to wit : Is the county liable for the non-repair of the bridge or culvert in question, this being upon one of the public highways ? The size and character of this

VOL. XXVI. — 34

structure, as shown by the testimony, is material to be stated. It was about twelve or fourteen feet wide, two or three feet across, and was constructed over a ditch, or small ravine, about two feet in depth, in which there was no running water. The defect therein consisted of a hole on the north side of the same, about seven feet long and from seven to twelve inches wide. The injury happened on the fourth day of September, 1866. For some time previous to the third day of that month there had been a vacancy in the office of supervisor of the road district; but on the day last named, the township clerk appointed a person to this office who duly qualified.

*R. J. Borgholthaus*, and *T. W. & John S. Woolson* for the appellant (plaintiff.)

I. The law imposes, as a duty upon the counties, the general supervision, control, and care of the highways within their limits. Rev. 1860, § 312, 11, 13, 16, 17, 18.

II. Bridges are parts of the public highways. Angell on Highways, § 35, 37; *Rusch* v. *The City of Davenport*, 6 Iowa, 455; Rev. 1860, 133, § 822.

III. Where the law imposes a duty or obligation, it gives a remedy for injuries arising from its non-performance. 2 Chit. Blackstone, 21 (3d book) marg. 23; Angell & Ames on Corporations, 214, ch. 8, p. 8; *Rush* v. *The City of Davenport*, 6 Iowa, 455, 456; *Wilson & Gustin* v. *Jefferson County*, 13 id. 184, 185; *Brown* v. *Jefferson County*, 16 Iowa, 344.

6. Plaintiff's petition sets out a clear wrong or injury for which he should have a remedy against some one. There is none against the road district. *White* v. *Road District No. 1*, 9 Iowa, 202. There is none against the road supervisor, because there was no road supervisor, and had not been for seven months preceding, in the

district where the bridge is located, upon which plaintiff received his injury. There is, therefore, no corporation or individual liable unless it is the county.

*J. Tracy* for the appellee.

DILLON, Ch. J. — The defective culvert or bridge which caused the injury for which the plaintiff sues, is part of the ordinary road or highway, in such a sense that the county is not liable for its unsafe condition, unless it is liable for defects in the public roads or highways themselves.

1. CORPORATION MUNICIPAL: county: liability.

Counties are involuntary political or civil divisions of the State, created by general statutes, to aid in the administration of government. They are essentially public in their character and purposes. They are simply governmental auxiliaries, created bodies corporate " for civil and political purposes only." Rev. § 221. To the statute they owe their creation, and the statute confers upon them all the powers which they possess, prescribes all the duties which they owe, and imposes all the liabilities to which they are subject.

To enable them the better to exercise their powers and discharge their duties, our statute clothes them with corporate capacity. Considered with respect to their powers, duties and liabilities, they stand low down in the scale or grade of corporate existences. It is for this reason that they are ranked among what have been styled *quasi* corporations. This designation is employed to distinguish them from private corporations aggregate, and from municipal corporations proper, such as cities, acting under general or special charters, more amply endowed with corporate life and functions, conferred in general at the request of the inhabitants of the municipality for their peculiar and special advantage and convenience.

The decisions of the courts in every State of the Union, recognizing this distinction, hold incorporated cities and towns to a much more extended liability than they do counties, school and road districts, even where the latter are declared to be invested with corporate capacity.

Thus, incorporated cities and towns, wherever they are invested by their organic or constituent acts with general supervision and control over their streets, with power to grade and to improve them, and with the power to levy taxes or raise revenue, which may be used for the purposes of such repair, are held liable, without any statute expressly giving the action, for injuries caused by unsafe and defective streets.

To this effect may be found decisions in almost all, if not in every State of the Union. We need but refer to the following: *Rusch* v. *Davenport*, 6 Iowa, 443; *McCullom* v. *Blackhawk Co.*, 21 Iowa, 409; *Weightman* v. *Washington*, 1 Black (U. S.) 39; *Erie* v. *Swingle*, 22 Penn. St. 384; *Browning* v. *Springfield*, 17 Ill. 143; *Wilson* v. *The Mayor*, 1 Denio, 595; *Dayton* v. *Pease*, 4 Ohio St. 80; *Smoot* v. *The Mayor*, 24 Ala. 112; *Chicago* v. *Robbins*, 2 Black (U. S.) 418; *Nebraska* v. *Campbell*, id. 590; *Weet* v. *Brockport*, 16 N. Y. 161, note; *Lloyd* v. *The Mayor*, 5 id. 369; *Hyatt* v. *Rondout*, 44 Barb. 385; *Dewey* v. *Detroit*, 15 Mich. 309.

On the other hand the decisions are almost (though not wholly) uniform to the effect that counties and other

**2. HIGHWAY: liability of county: *quasi* corporations.** *quasi* corporations are not liable to private actions for the neglect of their officers in respect to highways, unless the statute has in so many words created the liability, specially giving the action to the party injured.

*Mower* v. *Leicester*, 9 Mass. 240; *Conners* v. *Martin*, 4 Mich. 557; *Farnum* v. *Concord*, 2 N. H. 392; *Eastman* v. *Meredith*, 36 N. H. 284 (full discussion); *Bartlett*

v. *Crozier*, 17 Johns. 439; *Chidsey* v. *Canton*, 17 Conn. 475; *McCullom* v. *Blackhawk Co.*, 21 Iowa, 409; *Hedges* v. *County*, 1 Gilm. (Ill.) 567.

It is not necessary in the present case to discuss the 3. —— bridges: question whether a county can in any case be county. sued for the neglect of its officers, unless the right to maintain the action is expressly given.

The prior decisions of this court assume that the county, in analogy to the liability of municipal corporations with respect to their streets, is liable for the unsafe condition of *county bridges proper;* that is, bridges built by the county authorities in the exercise of their statutory power "to make and repair" bridges (Rev. § 312 par. 18; § 710), they being expressly empowered to levy a bridge tax on the taxable property of the county. Rev. § 710; and see also *Barrett* v. *Brooks*, 21 Iowa, 144; *Bell* v. *Foutch*, id. 119; *McCullom* v. *Blackhawk Co.*, 21 id. 409; *Brown* v. *Jefferson Co.*, 16 id. 339; *Wilson & Gustin* v. *Jefferson Co.*, 13 id. 181.

Assuming, then, that there are bridges for whose safe condition the county is liable, the question now before us is, whether the small bridge or culvert which occasioned the injury to the plaintiff, is one which the county authorities were bound to keep in repair, and for the neglect of which duty the county is liable to a civil action for damages?

Our system of making and keeping in repair bridges and highways is somewhat peculiar, and is discussed with considerable fullness in the cases of *Bell* v. *Foutch* and *Barrett* v. *Brooks, supra.*

By reference to these cases and to the various statute provisions there referred to, it will be seen that the county or the county authorities are not charged with the making and repair of roads and highways. On the contrary, the various townships of the county are divided into road

districts, each district electing its own supervisor, who may require the inhabitants to perform road labor. The township trustees, and not the county authorities (Rev. § 891), are authorized to levy and collect a property road tax "for roads, *bridges*, plows and scrapers;" and the supervisor and not the county is, by another section (Rev. § 902), made personally liable, after notice in writing, "for all damage resulting from the unsafe or impassable condition of the road or *bridge*."

As counties are not charged by law with the duty of keeping in repair the ordinary highways or roads, but as this duty is committed to the several road districts whose officers act independently, and in the exercise of their duties are not under the control of the county authorities, and as no right of action is given against the county in respect of defective roads, the conclusion is undeniably correct, that the county is not liable for a private injury sustained by the omission of the road district officers to keep in repair the roads and bridges which the law commits to the jurisdiction and control of the several road districts.

The bridge which occasioned the injury in question is one of those small bridges which the law contemplates shall be built and kept in repair by the road district, and the evidence shows that such was the understanding of the people of the district. It is not one of those large bridges requiring extraordinary expense to build and maintain, such for example, as the one which occasioned the injury in *Brown* v. *Jefferson Co.* (16 Iowa, 339), or the one which was in question in the cases of *Barrett* v. *Brooks*, *Bell* v. *Foutch* and *McCullom* v. *Blackhawk Co.*, above cited.

The general language of section 312, paragraph 18 of the Revision, is to be construed in connection with the general provisions of the statute regulating the making and repair of highways. Rev. § 880, *et seq.*

The statute has made no provision for the levy and collection of a county road tax. *Bell* v. *Foutch*, 21 Iowa, 119, 128.

The duty of amending roads is, as we have seen, not imposed by the statute upon the county as a corporation, but upon the road districts; and for the default of the road supervisor or road district, or of its officers, the county is not liable unless the bridge is one of those larger and more expensive structures which would come under the designation of county bridges, such as the county would be bound to build and repair, or one over which, or the repairs on which, the county or its officers had exercised jurisdiction. *McCullom* v. *Blackhawk Co.*, 21 Iowa, 417.

Our statute by imposing the duty of making and repairing such structures as the present upon the road districts, negatives the idea of any common law liability (if, indeed, such a liability could in any case be claimed to exist) on the county to keep them in repair.

And because the road district is not liable (*White* v. *Road District*, 9 Iowa, 202), and because the road supervisor, who, having been appointed only the day before the injury, was not notified as the statute requires, would not be liable (Rev. § 902), it does not follow that the county is responsible, the more especially as it was not its duty to fill the vacancy in that office. Rev. § 884.

The sections of the statute bearing upon the question of the liability of the county, viz.: Rev. §§ 221, 312, 819, 822, 710, 880, *et seq.*, have all been considered, and the opinion of the court is, that the court below rightly held, that the county was not liable to the plaintiff in respect of the injury for which his action was brought. If the county ought to be liable in such a case, the remedy must be sought from the legislature.

Affirmed.