## LONG v. BOONE COUNTY.

Highway: POWER OF COUNTY TO CONSTRUCT AND IMPROVE. A county has power to grade and improve its public roads, to contract therefor, and issue warrants in payment thereof. The case of *Soper* v. *Henry County*, 26 Iowa, 264, explained.

*Appeal from Boone Circuit Court.*

THURSDAY, JULY 27.

PETITION in fifteen counts claiming the various sums alleged to be due upon warrants and treasurer's certificates of indebtedness.

The defendant, for answer, " admits the claims set forth in counts 1, 9, 12, 13, 14, 15, but alleges that the warrants and certificates declared upon in counts 2, 3, 4, 5, 6, 7, 8, 10 and 11, were made and delivered under a contract between S. B. McCall, county judge of said county of Boone, and the plaintiff, for grading and improving a portion of public roads in said county, and for bridges or culverts in said county; that said contract was in writing, and entered into December 2, 1859; that said contract was without authority and void."

By way of counter-claim, defendant alleges that all of the certificates named in the petition were given by the treasurer of Boone county in redemption of warrants delivered by the county judge of said county to plaintiff, for the grading of said road; that plaintiff had presented

the warrants with full knowledge that they were void, and that the treasurer of said county, without knowledge of the character of said warrants, paid thereon the sum of $315.40. Defendant asks that this be deducted from the amount admitted in the answer.

To the answer and counterclaim the plaintiff demurred as follows:

1st. "If all the facts stated in the answer and amended counterclaim are true, still said county warrants were legally and properly issued, and were of binding force and effect, and were properly paid and canceled by the treasurer ; and defendant has waived all right to recover against plaintiff."

2d. "If said county warrants were improperly issued their payment to plaintiff does not constitute a valid claim of debt against plaintiff."

The court overruled the first point of the demurrer and sustained the second, to which both parties excepted.

Judgment was rendered in favor of plaintiff for the sum of $765.95.

Defendant appeals from the ruling of the court, sustaining the demurrer as to the second point, and the plaintiff from that overruling the demurrer as to the first point. By stipulation the plaintiff's appeal is to be heard upon the abstract submitted by defendant.

*I. J. Mitchell* for the plaintiff.

*W. R. Lawrence* for the defendant.

Day, Ch. J.—All of the warrants are in the usual form of an order upon the treasurer, payable out of any funds in the treasury, except those named in the fourth, fifth and sixth counts, which contain the words for "bridging and grading road." Defendant insists that warrants executed for grading and improving public roads, and for bridges or

culverts thereon, are void. This view the court below adopted in overruling the demurrer as to the first point. The case of *Soper* v. *Henry County*, 26 Iowa, 264, relied on by defendant in support of this position, simply decides that a county is not liable for injuries sustained through the want of a culvert fourteen feet wide, three feet across, constructed over a ditch ten feet deep, for the reason that the duty of keeping such culvert in repair does not devolve upon the county. The case does not decide that a county may not lawfully issue a warrant for the purpose of grading and bridging a highway. Upon the contrary, it is said in *Barrett* v. *Brooks*, 21 Iowa, 144, that a county has power to aid in constructing roads and bridges, and the authority to levy a tax to execute these powers. And reference is made to section 253 of the Revision, which, as section 117 of the Code of 1851, was in force at the time these warrants were drawn, and which, with reference to a county tax, provides that " when the object is to construct or to aid in constructing, any road or bridge, the annual rate shall be not less than one mill on a dollar of the valuation. From this provision the authority of a county to aid in constructing a road is necessarily implied. The court, in our opinion, erred in holding the warrants void for the reasons set forth in the answer.

Inasmuch as the warrants, under the allegations in the answer and counter claim, are legal, it becomes unnecessary, in the present case, to inquire whether money paid upon a void warrant can be recovered.

The cause is, upon plaintiff's appeal, reversed and remanded for new trial. Reversed.