## KINCAID v. HARDIN COUNTY.

1. **Counties:** QUASI CORPORATIONS: LIABILITY FOR NEGLIGENCE. A county cannot be held liable in damages for a personal injury sustained by reason of the defective construction of its court-house, and the negligence of the county in failing to keep it properly lighted at night.

*Appeal from Hardin District Court.*

THURSDAY, APRIL 22.

IT is averred in the petition that the defendant is the owner of a two story building in Eldora, Hardin county, which is

used as a court-house, and in the upper story of which the sessions of the District and Circuit Courts are held. That on the 15th day of October, 1878, the plaintiff was in attendance as a witness upon a night session of the District Court in said building. That the said building was accessible only by a narrow and unguarded stairway, which at night was extremely dangerous and unsafe to pass down, unless lighted by a lamp, or other artificial light, as the defendant well knew. That when said evening or night session of said court adjourned, plaintiff started to go down said stairway, using all possible care and diligence, but owing to the unskillful and negligent manner in which said stairway was constructed, and owing to the gross negligence of the defendant in not lighting and properly guarding said stairway, the plaintiff, without fault or negligence on his part, fell from the top of said stairway to the floor below, by reason of which he was severely injured; and for which he asks judgment against the defendant for $10,000. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Wm. V. Allen,* for appellant.

*Huff & Reed* and *Porter & Moir,* for appellee.

ROTHROCK, J.—We are required to determine in this case whether a county is liable in damages to a person injured by

1. COUNTIES: quasi corporations : liability for negligence.

reason of the negligent construction of a court-house, and because of negligence in not lighting an unguarded and dangerous stairway leading to a court-room. If in the discussion of the question regard is to be had to adjudicated cases it must be held that no such liability exists. See Dillon on Municipal Corporations, Vol. 2, section 762; Cooley's Constitutional Lim., p. 246; Addison on Torts, Vol. 2, p. 1298. A large number of authorities are cited by the learned authors, and in Addison on Torts it is said, "A plainly marked distinction is made, and should be

observed, between municipal corporations, as incorporated villages, towns and cities, and those other organizations, such as townships, counties, school districts and the like, which are established without any express charter or act of incorporation, and clothed with but limited powers. These latter political divisions are called *quasi* corporations, and the general rule of law is now well settled that no action can be maintained against corporations of this class by a private person, for their neglect of public duty, unless such right of action is expressly given by statute."

That municipal corporations proper are liable to an action for damages in such cases is settled beyond all question. The question has generally arisen in actions for injuries caused by unsafe and defective streets, sidewalks and bridges upon public thoroughfares, and as is said in *Soper v. Henry County*, 26 Iowa, 264, "There may be found decisions in almost all, if not in every State of the Union, to the effect that such actions may be maintained." In the same case it is said, "On the other hand the decisions are almost (though not wholly) uniform, to the effect that counties and other *quasi* corporations are not liable to private actions for the neglect of their officers in respect to highways, unless the statute has in so many words created the liability, specially giving the action to the party injured." The authorities cited in support of the proposition are in the main the same as those cited by the learned text writers above quoted. We need but refer to a few of them, which closely resemble the case at bar. In *Commssioners of Hamilton County v. Mighels*, 7 O. St., 109, it was held that a county was not liable for an injury suffered by the plaintiff, who, when in attendance upon court as a witness, was precipitated into the cellar of the court-house, in consequence of the negligent omission of the agents or officers of the county to guard or light a dangerous opening leading into the cellar. In *Bigelow v. Randolph*, 14 Gray, 541, it was held that a town in Massachusetts, which had assumed the duties of a school district, was not liable for an

injury sustained by a scholar attending the public school, from a dangerous excavation in the school-house yard owing to the negligence of the town officers. In *Eastman v. Meredith*, 36 New Hamp., 284, it was held that a town was not liable for an injury to a person received by the giving way of the floor of a town house at an annual town meeting, the building having been negligently and defectively constructed by those who built it for the town.

The ground upon which it is held that *quasi* corporations, such as counties, towns, school districts and the like, are not liable for damages in actions of this character is that they are involuntary territorial and political divisions of the State, created for governmental purposes, and that they give no assent to their creation, whereas municipal corporations proper are either specially chartered, or voluntarily organized under general acts of the legislature.

This court years ago held that a county was liable for an injury to a person caused by a defective county bridge. *Wilson and Gustin v. Jefferson County*, 13 Iowa, 181. That case has been followed in a number of other cases down to the present time, although exhaustive arguments have been made insisting that it should be overruled, as against not only the weight but the whole current of authority. As often as the question has been made, the rule has been adhered to without deviation. In *Huston v. Iowa County*, 43 Iowa, 456, it is said "We have no inclination now to review, either for the purpose of fortifying or overturning, a case (referring to *Wilson & Gustin v. Jefferson County*) which has for so long a time, in so many instances, and in so deliberate a manner, been sanctioned and followed."

It is insisted by counsel for appellant that the defendant must be held liable in the case at bar, because such liability rests upon the same ground, and is controlled by the same principles, as the cases involving liability for injuries caused by defective bridges. It must be admitted that a distinction in principle between an injury resulting from a defective

county bridge, and one caused by a defective and improperly constructed court-house, is not very plain nor easily demonstrated. But as the line of decisions in this State as to the liability for defective bridges stand almost if not quite alone, as we have seen, we have no disposition to carry the doctrine further than is necessary to sustain the decisions of the court, which have stood so long that it may truthfully be said they have the implied sanction of the law-making power and the people of the State. *Krause v. Davis County*, 44 Iowa, 141.

There is a recognized distinction, however, which we will proceed briefly to examine. An examination of the cases where it is held that *quasi* corporations are not liable in actions of this character will disclose that the reason of the rule is, as before observed, that they are involuntary political divisions of the State created for governmental purposes, and in *Bigelow v. Randolph, supra,* it is said that the rule holding these *quasi* corporations not liable is of limited application. " It is applied in the case of towns, only to the neglect of, or omission of, a town to perform those duties which are imposed upon *all* towns without their corporate assent, and exclusively for public purposes, and not to the neglect of those obligations which a town incurs when a special duty is imposed on it with its consent, expressed or implied, or a special authority is conferred on it at its request."

The statutes of this State contemplate that every county shall be provided with the necessary county buildings, and to that end, by section 303 of the Code, the board of supervisors are empowered to build and keep in repair the necessary buildings for the use of the county and the courts. Section 773 provides that "when a county is not provided with a regular court-house, at the place where the courts are to be held, they shall be held at such place as the board of supervisors provide." It will be seen that all counties are required, without their assent and exclusively for public purposes, to provide a room or place for holding the courts. The counties

have no option concerning this duty. It is an involuntary duty imposed upon them by the State, and imposed upon all alike. The obligation to build bridges is different. The statute leaves it to the respective counties to determine what bridges shall be built. It is provided that the board of super-visors shall have power "to provide for the erection of all bridges which may be necessary, and which the public convenience may require within their respective counties, and to keep the same in repair." Code, Sec. 303, sub. 18.

The respective counties are not absolutely required by this provision of the statute to build any particular bridge, or to build any bridge whatever. It is a question to be determined by the board of supervisors, taking into account the wants and convenience of the public. Now, when they elect to build a bridge, it may very properly be said that under the rule last above referred to the county incurs a duty by its consent, and should be liable for the negligent performance of it, or for negligently permitting the bridge built by its express consent to become out of repair. We are aware that this distinction has not been taken in any of the cases determined by this court, but it seems to us to be sound, and unwilling as we are to extend the liability of these *quasi* corporations further than already obtains, which, if done, must inevitably lead to inextricable complications arising in actions for all possible negligent acts, we conclude that the ruling of the District Court should be

AFFIRMED.