## Staunton.

FRANKLIN COUNTY AND ANOTHER v. GILLS & JOHNSON.

SEPTEMBER 15, 1898.

Absent, Cardwell, J.

1. COUNTY PROPERTY—*Lease for Private Purposes—Powers of Judge of County Court.*—The judge of a County Court has no authority to authorize or assent to a lease of county property acquired for county purposes to any person for private use, or for any purposes other than those provided by law. The judge of the County Court is a mere agent of the county in respect to county-property, whose duties and powers are prescribed by law, and all contracts made by him in respect to said property not authorized by statute are void.

Error to a judgment of the Circuit Court of Franklin county rendered October 22, 1896, in an action of ejectment wherein the county of Franklin and the Board of Supervisors of Franklin county, the plaintiffs in error, were the plaintiffs, and the defendants in error were the defendants.

*Reversed.*

There were two counts in the declaration, in one of which the county of Franklin complains, and in the other the county of Franklin and the Board of Supervisors of Franklin county complain. There was no demurrer or objection to the declaration, but the parties went to trial on the issue made on the plea of not guilty. Verdict was rendered in favor of the defendants. The judgment on the verdict contains this qualification: " But this judgment is not to affect or limit in any manner whatsoever, the control and custody of the premises in

controversy by the County Court of this county, but its powers in the premises are to be as full, ample, and complete as though this judgment had not been rendered."

*B. A. Davis, L. W. Anderson,* and *S. A. Anderson,* for the plaintiffs in error.

*Dillard & Lee,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of ejectment brought by the plaintiffs to recover the possession of a room in the court-house of Franklin county, in the possession of the defendants.

The facts in evidence as agreed and certified by the Circuit Court are as follows:

" The property in controversy, as set forth in the plaintiffs' declaration, is the property in fee-simple of Franklin county; that the deed under which the said county holds the land on which the room in controversy is located, specifically provides that the land conveyed shall be used for public purposes only, and none other, whatsoever; that the judge of the County Court of Franklin county employed one Dock Webb as keeper or janitor of the court-house, at a salary of $100 per year, the said Webb, out of said salary, was to furnish fuel for the court and jury rooms when needed, and was permitted by the said judge to use the room in controversy for the storage of the same, and other things, such as stoves, &c.; that some time afterwards, to-wit, about the year 1890 or 1891, the said Webb, being right largely in debt to the said defendants, who are merchants, doing a general mercantile business in a building adjoining the public square, and about twenty-five or thirty feet from the room in controversy, told the said defendants that they might use the said room for a storage room until the

use of same should be worth a sufficient sum to extinguish his said indebtedness, or as long as his said contract with the said judge continued; that the said defendants thereupon entered into the said room, and ever since that time have been using it as a storage room for corn, meat, empty boxes and barrels, &c.; that the said Webb, ever since he was first employed by the said judge as keeper or janitor of the said court-house, has used a portion of the said room (which is very large) whenever needed, for the storage of fuel, &c.; that no one other than the said Webb has at any time given the said defendants permission to use or occupy the said room, but that the said judge of the County Court has never objected to this arrangement between Webb and the said defendants, but tacitly allowed the same as an addition to the janitor's salary; that before the county judge allowed the janitor to take possession of this room, which is in the basement of the court-house, same was open to the public at large, was in a dilapidated condition, and was indiscriminately used as a necessary, and resort for stock."

From the evidence it clearly appears that the purpose for which the defendants took possession and have been using the property in controversy was purely a private one, and wholly disconnected from any purpose for which the property was acquired and held.

The only question, therefore, for our consideration is whether the county has the right to recover the possession of the property of the county where the agents or officers of the county who have control of the property for county purposes have placed it in possession of, or assented to its occupation and use by, third persons for purposes other than those provided by law.

This question was carefully considered in the case of *County of Alleghany* v. *Parrish*, 93 Va. 615, and a decision rendered, which, in our opinion, controls this case.

The conclusion reached in that case was that the inhabitants

of a municipal corporation or of a county are its corporators, and that the officers are but the public agents of the corporation; that their duties and powers are prescribed by statute or by charter which all persons not only may know but are bound to know; that from this doctrine it follows that contracts not authorized by the charter or by statute, and which are, therefore, not within the scope of the powers of the corporation, are void; that lands acquired for court-house, jail, and other public buildings being acquired by the county under a special power and for special purposes only, the county was of necessity confined in its use of the land to the purposes for which authority to acquire was given, and subject to the restrictions imposed.

In that case it was decided that neither the County Court nor the board of supervisors had the power to authorize or permit property of the county to be used for purposes other than those provided by law, and that any effort to do so was not only beyond the scope of their powers, but in violation of their duties. There the board of supervisors, as well as the County Court, had attempted to enter into contracts with the occupant of the land, and those under whom he claimed, by which property of the county was to be held and used for law offices. This, it was held, could not be done. The alleged contracts were treated as nullities, and the right of the county of Alleghany to recover sustained.

It is clear that the judge of the County Court of Franklin county had no authority to authorize or assent to a lease to the defendants of the room in controversy, to be used in connection with their mercantile business for storing corn, meat, &c. It was in excess of his power, and gave no right to the defendants to take or hold possession of the property. They were, therefore, in the unlawful possession of the property, and the county of Franklin, the fee-simple owner, had the right to recover possession of it in order that it might be held and used for the purposes for which it was acquired.

We are of opinion that the verdict of the jury in favor of the defendants was erroneous, and that the Circuit Court erred in refusing to set it aside and grant a new trial upon the motion of the county. The judgment of the Circuit Court must therefore be reversed, the verdict set aside, and the cause remanded for a new trial.

*Reversed.*