JOHN VAN DE WALLE, Appellant, v. TAMA COUNTY, Appellee.

**COUNTIES:**   Torts—Negligent Construction of Highway Drainage. Counties are not liable for damages resulting from the negligent construction by its officers of ditches along public highways.

*Appeal from Tama District Court.*—B. F. CUMMINGS, Judge.

### DECEMBER 11, 1924.

ACTION for damages. At the close of all the evidence, defendant's motion for a directed verdict was sustained, and the jury returned a verdict accordingly. Judgment on the verdict. Plaintiff appeals.—*Affirmed.*

*Snyder & Snyder,* for appellant.

*James H. Willett* and *Willard F. Russell,* for appellee.

PRESTON, J.—Plaintiff asks damages to a 30-acre field of growing corn, caused, as he alleges, by appellee in 1918. Plaintiff alleges that the county changed the direction of the natural flow of water, and established a new channel therefor, under the guise of building a highway, deepening the ditch along the north side of said highway sufficiently to divert the surface water into a new and unnatural channel, thus precipitating the surface water on plaintiff's 30 acres and other land; that the defendant, acting through its board of supervisors, caused the new watercourse to be dug, and in so doing diverted the water and precipitated it upon the land of plaintiff.

Defendant admits that appellant owned the land, and that the Lincoln Highway runs east and west along the south side of said land, but denies that any watercourse was changed along said highway, causing the damage to appellant's crops, or that appellee caused any of the damages alleged, denies that the flooding of plaintiff's land, if any, was through any fault on the part of the defendant, and says that, if plaintiff was damaged, it was caused by the elements, on account of an unusual

rainfall and heavy flood; that appellant's land was low, known as river bottom land, and that it was subject to overflow; that the plaintiff claims negligence by defendant through its board, engineer, and employees in digging said ditch along the side of the highway; that, in digging said ditch, it was done within the discretionary power of the board in the construction and maintenance of said highway; and that defendant is not liable for damages, if there be such, to plaintiff in an action of this kind.

Briefly stated, appellant's claim for the testimony is this: That, in 1918, the same year of the flood in question, other land of his produced a good crop of corn; that there was a flood from around Gladstone that came down the ditch on the north side of the highway and drowned out a 30-acre field; that no water from Gladstone had ever come down on or injured this 30 acres before; that Otter Creek was not out of its banks as it went through plaintiff's 320 acres; that there was a natural rise in the surface of the land of about three feet, near his southwest corner, and extending southeast across the road to other land on the south of the highway, which, in its natural state, prevents water from Gladstone from going east to his 30-acre tract; that appellee dug a ditch through this natural elevation on the north side of the Lincoln Highway, and thus removed the natural barrier, and the water from Gladstone came east, where it never had before flowed, and destroyed his crop; that the natural flow of water from around Gladstone was south and southeasterly across the Lincoln Highway, and thence towards the Iowa River, and that it had always run that way until 1918, when this ditch diverted it east into Otter Creek; that appellant's land was leveed on both sides of Otter Creek, so that it took an exceedingly heavy flood to get over the leveed banks on the south.

It is conceded by appellant that there is but little dispute in the testimony, and that there is no conflict except at one or two points.

Appellee's claim for the testimony is that it did not dig any ditches upon the premises of appellant or in the highway; that the most that was done was to grade and crown the public highway with the county grader, to make the road passable for

travel; that the Lincoln Highway is on Primary Road No. 6, a portion of the county road system; that it was designated as a Federal aid road by the board of supervisors, pursuant to the act of the thirty-seventh general assembly accepting Federal aid; that, since such acceptance, the highway has been under the supervision of the highway commission; that the roadway along the premises of appellant was a bottom road, and there had been a fish pond on near-by land which was supplied by two or three artesian wells across this highway, and adjoining the road on the south and upon both sides of the roadway water stood in the ditches, and the road was always muddy and spongy and difficult to keep a road there; that plaintiff's land was very low, north of the fish pond, and the water overflowed the pond and went northeasterly across appellant's land to Otter Creek; that there was a dike on the north and west side of the fish pond, three and one-half feet high; that the pond was abandoned in 1901; that, when Otter Creek, which runs southeast just north of appellant's cornfield, was out of its banks, the water would flow through the culverts, and when it got high enough, the water would flow south and east across plaintiff's said land and across the road, and when the water got low enough, it would then drain back to the creek in a northeasterly direction; that Otter Creek did get out of its banks once or twice a year in other years, as it did in 1918; that this creek flows southeast to the Iowa River, and the slope of the ground is to the south and east from the creek, and when the water breaks over the levee on the south bank of the creek, the water runs south and east across a part of appellant's land, and on the cornfield in question, as it comes over appellant's land across the road and up against the levee, which still stands where the fish pond formerly was; that at times two or three feet of water stood all along the road and in appellant's field, and all the ditches were full; that this water was coming from Otter Creek.

Conceding, without deciding, that whether the county was negligent, and whether this caused the overflow and damage to plaintiff's corn, were questions in dispute, and for the jury, still we must consider whether, as a question of law, under our recent cases, the county is liable for its acts in the premises,

or those of its officers, in the construction and maintenance of its highways. Extensive construction and betterment of the highways are going on over the entire state. To open the door for damage suits of this character would open a wide field of litigation. Appellant seeks to distinguish this case from *Post v. Davis County,* 196 Iowa 183, by saying that "so far as we have been able to learn, the opposition of this court, and some other courts, to holding a county liable for damages, arises because the common law did not so provide, and that, if any other rule was to prevail, the legislative branch must pass specific laws to the contrary; that this is not in harmony" with the earlier cases. We are unable to see any distinction between a ditch constructed at the side of the road and a culvert across the road, in the construction and maintenance of highways. The trial court followed the *Post* case. Without quoting from or again restating the reasoning of the *Post* and other recent cases, we think they are controlling in this case. *Post v. Davis County,* 196 Iowa 183; *Brown v. Davis County,* 196 Iowa 1341, 1349. Appellee cites *Snethen v. Harrison County,* 172 Iowa 81, *Cunningham v. Adair County,* 190 Iowa 913, and other cases, as having a bearing. Prior cases are discussed in the *Post* case, and it is unnecessary to go over the ground again.

The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.