MAME HILGERS, Appellant, v. WOODBURY COUNTY, Appellee.

**COUNTIES: Liability—Negligence—Unauthorized Contract.** A county
1　is not liable for negligence in executing its duly granted govern-
mental powers; *a fortiori* it is not liable for negligence in executing
a wholly unauthorized contract. (See Book of Anno., Vol. 1, Sec.
4635; Sec. 5128, Anno. 5 *et seq.*)

**COUNTIES: Powers—Lease of County Property for Private Use.** The
2　power of the board of supervisors under Sec. 422, Code of 1897,
(1) "to purchase real estate for county purposes," (2) "to build
and keep in repair" such buildings, (3) "to make such orders
concerning county property as it may deem expedient," and (4)
"to have the care and management of county property where no
other provision is made," did not authorize the board of supervisors
to lease a portion of a courthouse to private parties.

**Headnote 1:** 15 C. J. pp. 568, 569 (Anno.)　**Headnote 2:** 15 C. J. pp.
457, 537.

*Appeal from Woodbury District Court.—*C. C. HAMILTON,
Judge.

DECEMBER 15, 1925.

ACTION for damages for personal injury suffered by the
plaintiff in an elevator in the courthouse owned by the defend-
ant. The trial court directed a verdict in favor of the defend-
ant, and the plaintiff appeals.—*Affirmed.*

*Shull, Stilwill, Shull & Wadden,* for appellant.

*Jepson, Struble, Anderson & Sifford,* for appellee.

FAVILLE, C. J.—I. The board of supervisors of Woodbury
County leased the seventh floor of the courthouse to a post of
the American Legion for one year at an agreed rental of $100

1. COUNTIES: lia-
bility: negli-
gence: un-
authorized con-
tract.

per month, the contract providing that the
county should furnish elevator service. On May
28, 1923, appellant went to the courthouse for
the purpose of going to the rooms occupied by

the American Legion, on private business connected with the affairs of the legion. As she entered the building, she observed that the elevator was standing with its door open, and that there were two men inside the elevator. She started to enter the elevator, and as she did so, without any warning the operator started the elevator, without closing the door. The movement of the elevator caused appellant to fall forward into the elevator and to strike and bruise her limb, causing her the injury for which recovery is sought. At the close of appellant's testimony, the court sustained a motion for a directed verdict.

. It is a well established rule in this state that counties are not liable for torts growing out of the negligent acts of their agents or employees. The rule has been applied in a variety of cases and under different circumstances, and it is not necessary that we review the authorities so holding. No statute has been enacted extending the liability of counties to meet such circumstances as are disclosed in the instant case. The trial court was correct in holding that the county could not be held liable for the torts of its officers, agents, or employees. *Soper v. Henry County*, 26 Iowa 264; *Kincaid v. Hardin County*, 53 Iowa 430; *Green v. Harrison County*, 61 Iowa 311; *Lindley v. Polk County*, 84 Iowa 308; *Packard v. Voltz*, 94 Iowa 277; *Wilson v. Wapello County*, 129 Iowa 77; *Wenck v. Carroll County*, 140 Iowa 558; *Wood v. Boone County*, 153 Iowa 92; *Snethen v. Harrison County*, 172 Iowa 81; *Cunningham v. Adair County*, 190 Iowa 913; *Post v. Davis County*, 196 Iowa 183; *Brown v. Davis County*, 196 Iowa 1341; *Van de Walle v. Tama County*, 198 Iowa 1330; *Board of Com. of Hamilton County v. Mighels*, 7 O. St. 109.

II.    Appellant insists that, while the board of supervisors may not be held liable for the acts of the agents, servants, or employees of the county, while acting within the performance of the duties connected with the "governmental powers" of the board of supervisors, the renting of a portion of the courthouse to the American Legion was a "private enterprise," and that the board of supervisors could legally and properly rent the said premises, and that, having done so, the county is liable for

2. COUNTIES: powers: lease of county property for private use.

the negligent acts of the employees of the county in connection with the use of the rooms so rented.

This brings us squarely to the question as to whether or not, within this state, a board of supervisors of a county has power and authority to lease an unused portion of a courthouse, for compensation to be paid to the county. It may be conceded, for the sake of the argument, that, if the board of supervisors is clothed with authority to so lease a portion of the courthouse to private parties and to collect rent therefor, it would follow that the county might be held liable for the negligent acts of the servants and employees of the county in connection with the use of the rented premises.

The statute, Code of 1897, Section 422 (see, however, Code of 1924, Section 5130), provides that the board of supervisors shall have power "to purchase, for the use of the county, any real estate necessary for the erection of buildings for county purposes." It also provides that the board of supervisors is "to build and keep in repair the necessary buildings for the use of the county and of the courts," and "to make such orders concerning the corporate property of the county as it may deem expedient," and "to have the care and management of the property [of the county] * * * in all cases where no other provision shall be made."

Counties are recognized as quasi corporations, and it is universally held that the board of supervisors of a county has only such powers as are expressly conferred by statute, or necessarily implied from the power so conferred. There is no provision in the statute, as it existed at the time of the accident in question, conferring upon the board of supervisors any express power to rent any portion of the courthouse or other county property for private use. The language of the statute cannot be extended by fair construction to confer such power upon the board of supervisors. Nor is the power to rent a portion of the courthouse to be implied from the power granted the board of supervisors to have general management and care of the county property. The board of supervisors is expressly authorized by statute to purchase real estate necessary for the erection of county buildings, and to build and keep in repair the necessary buildings for the use of the county and courts. This is a public

purpose. But the board of supervisors has no power to use or lease the courthouse or any portion thereof for a strictly private purpose, unless the legislature has seen fit by an enactment to grant such power; and no such power has been conferred in this state.

The authorities are not uniform on the question of the right of public officials to rent a portion of a public building for a private use, but we are satisfied that the greater weight of authority and the better reasoning are to the effect that the board of supervisors has no power to so use a courthouse or any portion of it, in the absence of a legislative grant of such power. The question, under statutes somewhat similar to ours, is quite fully discussed in *State ex rel. Scott v. Hart,* 144 Ind. 107 (33 L. R. A. 118). See, also, *Spencer v. Joint Sch. Dist.,* 15 Kan. 259; *Gottlieb-Knabe & Co. v. Macklin,* 109 Md. 429 (71 Atl. 949, 31 L. R. A. [N. S.] 580); *Franklin County v. Gills & Johnson,* 96 Va. 330 (31 S. E. 507); *Miller v. Porter,* 8 B. Mon. (Ky.) 282; *Thompson v. Probert,* 2 Bush (Ky.) 144; *Borough of Henderson v. County of Sibley,* 28 Minn. 515; *Crump v. Board of Supervisors,* 52 Miss. 107; *Scofield v. Eighth Sch. Dist.,* 27 Conn. 499; *White v. Town of Stamford,* 37 Conn. 578; *Roper v. McWhorter,* 77 Va. 214; *Town of Decatur v. DeKalb County,* 130 Ga. 483; *County of Alleghany v. Parrish,* 93 Va. 615 (25 S. E. 882).

It follows that the board of supervisors exceeded its powers in executing the lease of the room in the courthouse to the post of the American Legion, and that the county cannot be held liable for the negligent act of its employee, directly connected with the business of carrying out the said unauthorized contract.

The action of the trial court in sustaining the motion for a directed verdict for the appellee is—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.